1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11   GUADALUPE HERNANDEZ,       )   Case No. CV-06-2722 JC
                                )
12                  Plaintiff,  )
                                )
13          v.                  )   MEMORANDUM OPINION AND
                                )   ORDER OF REMAND
14   MICHAEL J. ASTRUE,[1]      )
     COMMISSIONER OF SOCIAL     )
15   SECURITY,                  )
                                )
16                  Defendant.  )

17
18   **I.   PROCEEDINGS**

19          On May 5, 2006, plaintiff Guadalupe Hernandez ("plaintiff") filed a

20   Complaint seeking review of the Commissioner of Social Security's denial of

21   benefits.  The parties have filed a consent to proceed before a United States

     Magistrate Judge.

22          This matter is before the court on the parties cross-motions for summary

23   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[2]  The

24   court has taken both motions under submission without oral argument.  See Fed.

25

26          [1]Michael J. Astrue is substituted as Commissioner of Social Security pursuant to F.R.

27   Civ. Proc. 25(d)(1).

28          [2]Plaintiff's Motion was filed on September 8, 2006.  Defendant's Motion was filed on
     October 6, 2006.

1  R. Civ. P. 78; L.R. 7-15; May 16, 2006 Case Management Order, ¶ 5.

2       Based on the record as a whole and the applicable law, the decision of the

3  Commissioner is REVERSED AND REMANDED for further proceedings

4  consistent with this Memorandum Opinion and Order of Remand.  The decision of

5  the Administrative law Judge ("ALJ") that plaintiff could perform her past

6  relevant work is not supported by substantial evidence.

7  **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

8  **DECISION**

9       On October 4, 2002, plaintiff applied for disability insurance benefits and

10 supplemental security income.  (Administrative Record ("AR") 17, 91-93).

11 Plaintiff asserted that she became disabled beginning on May 1, 2001, due to loss

12 of memory, inability to concentrate, depression, nervousness and arthritis.  (AR

13 91, 97).  The Social Security Administration denied plaintiff's application initially

14 and upon reconsideration.  (AR 74-80).  On April 21, 2004 and April 5, 2005, the

15 ALJ held hearings in this matter.  (AR 279-306).  The ALJ examined the medical

16 record and heard testimony from plaintiff (who was represented by counsel) and a

17 vocational expert.  Id.

18      On November 21, 2005, the ALJ found, inter alia, that plaintiff was not

19 disabled.  (AR 17-23).  Specifically, the ALJ found:  (1) plaintiff suffered from the

20 following severe impairments:  low back problems, depressive disorder (not

21 otherwise specified) and borderline range intellectual functioning (AR 18);

22 (2) plaintiff's impairments taken either singly or in combination, did not meet or

23 medically equal one of the listed impairments (AR 19); (3) plaintiff retained the

24 residual functional capacity to:  (a) perform medium exertional work activities;

25 (b) none to slight limitations in plaintiff's ability to understand, remember and

26 carry out short and simple instructions; (c) slight limitations in plaintiff's ability to

27 interact appropriately with the public, supervisors and co-workers; and

28 (d) moderate limitations in plaintiff's ability to understand, remember and carry

out complex instructions, in her ability to make judgments on simple work-related decisions, and in her ability to respond appropriately to work pressures and changes in a routine work setting (AR 21); and (4) plaintiff could perform her past relevant work as a housekeeper, as performed by her.  (AR 22).

The Appeals Council denied plaintiff's application for review of the ALJ's decision.  (AR 5-8, 12).

## III.   DISCUSSION

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

> (1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> (2)   Is the claimant's alleged impairment sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.
>
> (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

1      (4)    Does the claimant possess the residual functional capacity to

2                perform her past relevant work?  If so, the claimant is not

3                disabled.  If not, proceed to step five.

4      (5)    Does the claimant's residual functional capacity, when

5                considered with the claimant's age, education, and work

6                experience, allow her to adjust to other work that exists in

7                significant numbers in the national economy?  If so, the

8                claimant is not disabled.  If not, the claimant is disabled.

9  Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10  Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

11        The ALJ has an affirmative duty to assist the claimant in developing the

12  record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954

13  (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)

14  (ALJ has special duty to fully and fairly develop record and to assure that

15  claimant's interests are considered).  The claimant has the burden of proof at steps

16  one through four, and the Commissioner has the burden of proof at step five.

17  Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679

18  (claimant carries initial burden of proving disability).  If, at step four, the claimant

19  meets her burden of establishing an inability to perform past work, the

20  Commissioner must show, at step five, that the claimant can perform some other

21  work that exists in "significant numbers" in the national economy, taking into

22  account the claimant's residual functional capacity, age, education, and work

23  experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)).

24      **B.**    **Standard of Review**

25        Pursuant to 42 U.S.C. section 405(g), a court "may set aside a denial of

26  benefits only if it is not supported by substantial evidence or if it is based on legal

27  error."  Robbins v. Social Security Administration, 466 F.3d at 882 (citing Flaten

28  v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

1  Substantial evidence is "such relevant evidence as a reasonable mind might accept
2  as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401
3  (1971) (citations and quotations omitted).  It is more than a mere scintilla but less
4  than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911
5  F.2d 180, 183 (9th Cir. 1990)).

6        To determine whether substantial evidence supports a finding, a court must
7  "'consider the record as a whole, weighing both evidence that supports and
8  evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.
9  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
10 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
11 or reversing the ALJ's conclusion, a court may not substitute its judgment for that
12 of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

13        **C.      Substantial Evidence Does Not Support the ALJ's Decision that**
14                **Plaintiff Could Perform Her Past Relevant Work**

15        Plaintiff argues, inter alia, that the ALJ allegedly erred in determining that
16 plaintiff could perform her past relevant work as a housekeeper.  (Plaintiff's
17 Motion at 7-8).  As the ALJ in this case (i) materially mischaracterized the
18 testimony of the vocational expert upon which he apparently relied in concluding
19 that plaintiff could perform her past relevant work as performed by her; and
20 (ii) failed to make any findings as to the mental demands of plaintiff's past job,
21 remand is appropriate. See Regennitter v. Commissioner, 166 F.3d 1294, 1297
22 (9th Cir. 1999) (when administrative decision rests on "inaccurate characterization
23 of the evidence," remand warranted).

24        The Administration may deny benefits when the claimant can perform the
25 claimant's past relevant work as "actually performed," or as "generally"
26 performed. Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  Although the
27 claimant has the burden of proving an inability to perform her past relevant work,
28 "the ALJ still has a duty to make the requisite factual findings to support his

5

1    conclusion." Id. at 844. "To determine whether a claimant has the residual

2    capacity to perform [her] past relevant work, the [Administration] must ascertain

3    the demands of the claimant's former work and then compare the demands with

4    [her] present capacity." Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In

5    finding that an individual has the capacity to perform a past relevant job, the

6    determination or decision must contain the following specific findings of fact:

7    (1) a finding of fact as to the individual's residual functional capacity; (2) a

8    finding of fact as to the physical and mental demands of the past job/occupation;

9    and (3) a finding of fact that the individual's residual functional capacity would

10   permit a return to her past job or occupation. SSR 82-62; See Dealmeida v.

11   Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988). In making these findings, the

12   ALJ must conduct a searching inquiry and analysis. The decision as to whether

13   the claimant retains the functional capacity to perform past work which has current

14   relevance has far-reaching implications and must be developed and explained fully

15   in the disability decision. Since this is an important and, in some instances, a

16   controlling issue, every effort must be made to secure evidence that resolves the

17   issue as clearly and explicitly as circumstances permit. Reasonable inferences may

18   be drawn, but presumptions, speculations and suppositions must not be used. SSR

19   82-62.

20          Here, the ALJ found that plaintiff's past relevant work as housekeeper, as

21   performed by plaintiff (i.e., as "actually" performed), did not involve performance

22   beyond her residual functional capacity. (AR 22). The ALJ's determination is

23   based upon a material mischaracterization of the record and is not supported by

24   adequate findings or substantial evidence.

25          First, in discussing whether plaintiff could perform her past job, the ALJ

26   materially mischaracterized the testimony of the vocational expert upon whom he

27   apparently relied. Specifically, the ALJ noted:

28

1    The impartial vocational expert testified that based upon the
2    claimant's residual functional capacity, the claimant could return to
3    her past relevant work as housekeeper as previously performed. . . .[3]
4  (AR 22) (citing 20 C.F.R. §§ 404.1520(f) and 416.920(f)).  The record does not
5  support the ALJ's finding.  The entirety of the vocational expert testimony is as
6  follows:

7    Q:    Having reviewed the claimants (sic) vocational history and
8          hearing the testimony please identify the work performed by
9          the claimant in the past 15 years, identify the job that she's
10         entitled DOT number, skill and [inaudible] level of each job?
11   A:    He (sic) housekeeping work would come under the title of Day
12         Worker, DOT number 301.687-014(,) it's a medium exertion
13         level, her description file was light and its (sic) unskilled with
14         an SBP (sic) of 2.

15  (AR 296; see also AR 97-98 (plaintiff's description of her job duties)).  Contrary
16  to the ALJ's statement, the vocational expert did not testify that plaintiff could
17  return to her past relevant work.

18        Second, the ALJ made no specific findings as to the mental demands of
19  plaintiff's past job as required.  As discussed above, the ALJ found that plaintiff's
20  residual functional capacity was limited by moderate difficulties in her ability to
21  understand, remember and carry out complex instructions and to make judgments
22  on simple work-related decisions.  (AR 20-21, adopting consultative evaluation at

23

24  ───────────────

25        [3]Although the ALJ also erroneously indicated that the vocational expert testified that
    plaintiff could return to her past work as housekeeper as "generally" performed in the national
26  economy, and noted that the pertinent social security regulations and rulings provide that an
    individual will be found "not disabled" when it is determined that she retains the residual
27  functional capacity to perform either the actual functional demands and job duties of a particular
    past relevant job, or the functional demands and job duties of the occupation as generally
28  required by employers throughout the national economy, the ALJ did not make a finding that
    plaintiff could return to her past work as housekeeper as "generally" performed.  (AR 22).

7

1  AR 260 (noting plaintiff "may have significant difficulty performing detailed,

2  varied, and complex tasks"), 262-64).  As the ALJ made no findings of fact

3  regarding the mental demands of plaintiff's prior job, his determination that she

4  could perform her prior job is unsupported in this respect.  At a minimum, the ALJ

5  should have asked plaintiff about the mental demands of her former work as

6  performed to determine whether plaintiff could perform her past relevant work.

7  See SSR 82-61, 82-41 (providing that a properly completed vocational report or

8  plaintiff's own testimony can provide a basis for determining the prior demands of

9  a claimant's past relevant work as performed); see also AR 97-98 (plaintiff's

10 "Disability Report Adult" noting that she is limited in her ability to work by her

11 inability to concentrate and nervousness but not discussing the mental demands of

12 her former job).

13         As the ALJ's determination that plaintiff could perform her past job as

14 actually performed is based upon a material mischaracterization of

15 the record and is not supported by adequate findings or substantial evidence,

16 remand is appropriate.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

8

1

**IV.   CONCLUSION**[4]

2

     For the foregoing reasons, the decision of the Commissioner of Social

3

Security is reversed in part, and this matter is remanded for further administrative

4

action consistent with this Opinion.[5]

5

     LET JUDGMENT BE ENTERED ACCORDINGLY.

6

DATED:  August 13, 2007

7

8

                                   /s/

9

                           Honorable Jacqueline Chooljian

10

                           UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

---

23

    [4]The court need not, and has not adjudicated plaintiff's other challenges to the ALJ's

24

decision, except insofar as to determine that a reversal and remand for immediate payment of
benefits would not be appropriate.

25

    [5]When a court reverses an administrative determination, "the proper course, except in rare

26

circumstances, is to remand to the agency for additional investigation or explanation."
Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and

27

quotations omitted).  Remand is proper where, as here, additional administrative proceedings
could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.

28

1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option
where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).